## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-1218-MEH-CBS

BRIAN F. WALSHE, an individual,

    Plaintiff,

v.

ROBERT ZABORS, an individual, and
ENOVATION PARTNERS, LLC, a Washington limited liability company,

    Defendants.
_____

### STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER
_____

    Plaintiff Brian F. Walshe and Defendants, Robert Zabors and Enovation Partners, LLC (collectively, the "Parties") stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information and Settlement Information (as hereinafter defined), and, as grounds therefore, state as follows:

    1.    In this action, the Parties are seeking and/or will likely seek Confidential Information (as defined in paragraph 2 below) and intend to exchange Settlement Information (as defined in Paragraph 9 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have stipulated to the entry of this Protective

527009--10501.001

Order for the purpose of preventing the disclosure and use of Confidential Information and Settlement Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that has been designated by one of the Parties in the manner provided in Paragraph 4 below. The designation of a document as Confidential Information is a certification by an attorney for the designating party (or a party appearing *pro se*) that the designating party has reviewed the information and believes, in good faith, that the document contains Confidential Information as defined in this Order.

3. Where Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a. By imprinting the word "Confidential" on each page of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.     It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case.

5.     Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.     The Party's counsel who discloses Confidential Information to any individual, including consulting experts, expert witnesses, or employees of a Party, shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

7.     A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with

this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information .

8. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2.

9. "Settlement Information" means any information exchanged by the parties in the course of settlement negotiations between the parties, outside the scope of formal or informal discovery, including a document, file, or portions of files, including any extract, abstract, chart, summary, note, or copy made therefrom, and designated by the producing Party by marking the document "Confidential—For Settlement Purposes Only" on the bottom of each page.

10. Settlement Information may be disseminated only to counsel of record in this litigation, the Court overseeing the settlement conference, and the parties. If the case does not settle, Settlement Information may be used only as permitted by this Order and as allowed by the Federal Rules of Evidence.

11. The termination of this action shall not relieve counsel or other persons

obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and Settlement Information pursuant to this Protective Order. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated shall be returned to the designating party, or the parties may elect to destroy designated documents. Where the parties agree to destroy designated documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13. Protections under F.R.E. 502(d). Notwithstanding any other provision of this Order, the production of documents by any party, whether or not designated as Confidential Information, will not operate as a waiver of any common law or statutory privilege, protection, or immunity applicable to those documents, including, but not limited to any attorney-client privilege, work product protection, joint or common interest doctrine, information that is subject to protection as trial preparation material, or that is protected from discovery by any other applicable privilege, protection, immunity, law, or rules (collectively "Privileges"). If a Party discloses, produces, or makes available for inspection and copying information subject to any Privilege ("Disclosed Privileged Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of such Privilege applicable to such Confidential Information or any related subject matter, in this litigation or in any other court, administrative action, investigation, or legal proceeding.

The production of privileged or work-product protected documents, electronically stored

information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14. Disclosed Privileged Information. Any Party who realizes that it, he, or she has produced or received Disclosed Privileged Information, as soon as practicable, shall (i) notify, in writing, all other Parties and/or other persons producing or receiving such information that disclosure was made, (ii) identify the document(s) disclosed, (iii) make reasonable efforts to retrieve all copies of and prevent further disclosure of the Disclosed Privileged Information, and (iv) refrain from using or further disclosing the Disclosed Privileged Information (including, but not limited to, using the information in depositions or a trial). Any person or entity receiving notice that Disclosed Privileged Information has been produced shall, within five (5) business days, return, destroy, sequester or delete all copies of the Disclosed Privileged Information, as well as any abstracts, charts, memoranda, notes, summaries, compilations, or indices of same, and provide a representation of counsel that all such information has been returned, destroyed, sequestered or deleted. To the extent the claim of Privilege is disputed, the Parties shall meet and confer to resolve any such dispute, and in the event such dispute cannot be resolved, the Party receiving such information may promptly present the information to the Court, under seal,

pursuant to the Local Rules of this Court, and, seek further relief from the Court regarding the claim. The Party claiming the Privilege shall preserve the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the Parties or by the Court.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

So Ordered.

Dated at Denver, Colorado, this 19th day of October, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

SO STIPULATED:

| ROBINSON WATERS & O'DORISIO, P.C. | TUCKER ELLIS LLP |
|---|---|
| *s/ Anthony L. Leffert* | *s/ E. Tim Walker* |
| Anthony L. Leffert | E. Tim Walker |
| 1099 18th Street, Suite 2600 | Metropoint 1, Suite 1325 |
| Denver, CO 80202 | 4600 S. Ulster Street |
| Tel: 303-297-2600 | Denver, CO 80237 |
| Email: aleffert@rwolaw.com | Tel: 720-897-4408 |
| | Email: tim.walker@tuckerellis.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |