IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01218-MEH-CBS

BRIAN F. WALSHE,

    Plaintiff,

v.

ROBERT ZABORS, and
ENOVATION PARTNERS, LLC,

    Defendants.

## ORDER ON MOTION TO AMEND ANSWER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant Enovation Partners, LLC's Motion under Rule 15(a)(2) for Leave to Amend Answer to Add Counterclaim [filed November 2, 2015; docket #28]. The matter is fully briefed and oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

**I.**    **Background**

    Plaintiff initiated this action on June 10, 2015 alleging essentially that Defendants breached a partnership agreement, breached their fiduciary duty to Plaintiff, broke promises to Plaintiff on which he relied to his detriment, and enjoyed unjust enrichment. Complaint, docket #1. Defendants filed an Answer to the Complaint on August 18, 2015 essentially denying Plaintiff's allegations. Docket #20. The Court issued a Scheduling Order on August 10, 2015 setting deadlines for the exchange of discovery, as well as a November 1, 2015[1] deadline for joinder of parties and

---

[1] The Court accepted the parties' suggested deadline, which fell on a Sunday; thus, the actual deadline was Monday, November 2, 2015.

amendment of pleadings.  Docket #17.

Defendant filed the present motion on November 2, 2015 seeking to add counterclaims for misappropriation of trade secrets, breach of fiduciary duty, and conversion based upon information Defendant has learned through discovery.  Plaintiff opposed the motion arguing that the proposed counterclaims are futile as they "lack evidentiary support" and are subject to dismissal by summary judgment.

## II.   Analysis

An amendment to add a counterclaim will be governed by Fed. R. Civ. P. 15.  *See* Fed. R. Civ. P. 13 advisory committee's note 2009.  Rule 15 provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  Rule 15 instructs courts to "freely give leave when justice so requires." *Id.*  Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend.  *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d

1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Plaintiff does not challenge the timeliness of Defendant's proposed amendments, and the Court finds that such amendments are timely pursuant to the governing Scheduling Order. Moreover, the Court finds that Defendants's amendments are not unduly prejudicial. Courts typically find prejudice only when the amendment unfairly affects the parties "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Here, the Plaintiff claims no prejudice resulting from the requested amendments and the Court perceives none, particularly where, as here, the discovery cutoff is more than four months hence.

With respect to Plaintiff's futility argument, the Court is not persuaded that it may find the amendments futile based solely upon Plaintiff's counsel's argument that there is "insufficient evidence" to support the newly added counterclaims. Plaintiff relies on two opinions from the Tenth Circuit Court of Appeals to support his proposition that an amendment is futile if it is subject to dismissal by summary judgment. *See Castleglen, Inc. v. Resolution Trust Co.*, 984 F.2d 1571, 1585 (10th Cir. 1993) *and Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997). However, in *Castleglen*, the court merely found that adding the proposed additional defendants would be futile because the same claims against different defendants were dismissed on summary judgment. *Castleglen, Inc.*, 984 F.2d at 1585. Such circumstances do not exist here.

Likewise, in *Bauchman*, while the Tenth Circuit held "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment," it came to this conclusion after finding the district court "thoroughly considered Ms. Bauchman's

3

amended complaint together with any support for her allegations from the affidavits, deposition transcripts and exhibits presented by both parties, and after such review concluded Ms. Bauchman still failed to state a claim ... The district court went further to conclude the relevant undisputed facts related to defendants' conduct during the 1994-95 school year would subject Ms. Bauchman's proposed amended complaint to dismissal on summary judgment as well." *Bauchman*, 132 F.3d at 561-62. Here, by contrast, discovery has only begun and Plaintiff has provided no evidentiary support for his argument that the proposed counterclaims would be subject to dismissal pursuant to Rule 56.

Accordingly, the Court finds insufficient bases to conclude Defendant's proposed counterclaims would be subject to dismissal at this stage of the litigation.

**III.   Conclusion**

Having found the proposed counterclaims to be timely and neither prejudicial nor futile, and in the interests of justice, the Court orders that Defendant Enovation Partners, LLC's Motion under Rule 15(a)(2) for Leave to Amend Answer to Add Counterclaim [filed November 2, 2015; docket #28] is **granted**. The Clerk of the Court is directed to file the First Amended Answer to Verified Complaint and Counterclaim located at docket #28-1. The Plaintiff shall file an answer or other response to the counterclaims in accordance with Fed. R. Civ. P. 15(a) and all applicable rules.

Dated at Denver, Colorado, this 10th day of December, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge