IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01218-MEH

BRIAN F. WALSHE,

    Plaintiff,

v.

ROBERT ZABORS, and
ENOVATION PARTNERS, LLC,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Stay Discovery [filed January 6, 2016; docket #42]. The motion is referred to this Court for disposition (docket #43) and is fully briefed. For the following reasons, the Court grants the Defendant's motion.

**I.  Background**

Plaintiff initiated this action on June 10, 2015 alleging essentially that Defendants breached a partnership agreement and a fiduciary duty owed him; Plaintiff also brings claims for promissory estoppel and unjust enrichment. Complaint, docket #1. Defendants initially responded to the Complaint by filing an Answer, then, after approximately three months into the discovery period, were granted leave to file an Amended Answer and Counterclaims alleging Plaintiff misappropriated trade secrets and breached a fiduciary duty owed them. Dockets ##20, 39. Plaintiff answered on December 15, 2015; Defendants then filed a Motion for Summary Judgment and the present motion followed.

Defendants assert that all "necessary" discovery has taken place, including document exchange and depositions, but they seek a stay of any remaining discovery – particularly, the deposition of witness William Kemp in Tampa, FL – contending that such deposition is unnecessary for resolution of the pending summary judgment motion. Plaintiff "agrees with Defendants that it is not necessary to take Mr. Kemp's deposition in order for this Court to decide Defendants' Motion for Summary Judgment." Docket #45 at 4. However, Plaintiff contends that the motion is meritless and, thus, cannot serve as a basis to stay the deposition. In addition, the Plaintiff contends he would be prejudiced by a stay of discovery at this stage of the litigation.

## II.     Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this district. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court has stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007); *see also Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case. Defendants seek a stay to avoid any unnecessary burdens and/or costs of discovery should their pending Motion for Summary Judgment be granted and the case closed. Plaintiff counters that he would be prejudiced by a stay because it would be inconvenient to reschedule Mr. Kemp's deposition; Mr. Kemp's testimony is "absolutely relevant to the factual determination at trial of whether [the parties] formed a general partnership"; and Defendants' motion for summary judgment is baseless.

Notably, the noticed date and time for the deposition has passed; thus, Plaintiff's concern for the "inconvenience" he might suffer in rescheduling is now moot. In addition, Plaintiff filed his own Motion for Summary Judgment on February 23, 2016 and has not indicated that Mr. Kemp's deposition is necessary for resolution of his motion. Moreover, while the Court acknowledges the Plaintiff's position that Defendants' motion is "meritless," the Court must make that determination in the adjudication of the motion itself. Finally, the Court notes that the parties requested a discovery cutoff of April 30, 2016, and the Court intends to have a decision issued on the pending motions for summary judgment well before that time (and, of course, after they are ripe) but, if necessary, the Court will modify the current deadlines to ensure there is no prejudice to the parties

as a result of a temporary stay.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. The parties make no material arguments concerning the interests of non-parties or the public, and the Court perceives minimal effect, if any, resulting from of a stay of these proceedings.

While the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings at this stage of the litigation pending resolution of a dispositive motion that could resolve this matter in its entirety. "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Therefore, the Court finds good cause exists to impose a temporary stay until resolution of the pending dispositive motions.

### III. Conclusion

Accordingly, for the reasons stated above, the Court **grants** the Defendant's Motion to Stay Discovery [filed January 6, 2016; docket #42]. Discovery in this matter is hereby **stayed** pending resolution of the dispositive motions. The parties shall file a status report with the Court within *five business days* of the Court's ruling on the dispositive motions indicating what additional discovery is needed, if any.

Dated at Denver, Colorado, this 25th day of February, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge